**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

KIRK D. WILLIAMS,
Plaintiff,
v.
PANDA EXPRESS (P.R.) INC.,
Defendant.

Case No.: 25-cv-02763-DMS-JAC

**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***

On October 16, 2025, Plaintiff Kirk D. Williams, proceeding *pro se*, filed this action against Defendant Panda Express (P.R.) Inc., alleging violations of the Americans with Disabilities Act and California's Unruh Civil Rights Act. (ECF No. 1); 42 U.S.C. §§ 12101–12213; Cal. Civ. Code § 51 (West 2026). Plaintiff concurrently filed a Motion to Proceed *In Forma Pauperis* ("Motion"), which is currently pending before the Court. (Mot., ECF No. 2). For the following reasons, the Court denies Plaintiff's Motion and dismisses the action without prejudice.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Parties instituting a civil action in a United States district court must pay a filing fee

of $405. 28 U.S.C. § 1914(a)–(b).[1] However, a court may authorize a party to proceed *in forma pauperis* ("*IFP*") without the prepayment of fees if the party submits an affidavit demonstrating their inability to pay. § 1915(a)(1); *see* CivLR 3.2(a) (listing specific requirements for the affidavit). Although a party need not be "absolutely destitute" to proceed *IFP*, they must "allege poverty with some particularity, definiteness and certainty" such that they could not "pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation modified).

Plaintiff's Motion consists of an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 239). (Mot. 1). The form instructs the affiant to "[c]omplete all questions" and not to "leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." (*Id.*). Plaintiff reports $0.00 in average monthly income from all sources, $0.00 in money owed to him, and $0.00 in average monthly expenses. (*Id.* at 2, 3, 5). The Motion also indicates that Plaintiff does not own a home, real estate, or a motor vehicle, does not expect any changes to his monthly income or expenses in the next twelve months, and will not be spending any money on attorney fees in conjunction with this lawsuit. (*Id.* at 3, 5). However, the remainder of the form is blank, leaving unanswered questions about spousal income or assets, employment history, and money in Plaintiff's possession. (*Id.* at 1–5). These answers are required pursuant to the Local Rules and their absence leaves the Court unable to properly assess Plaintiff's inability to pay fees. *See* CivLR 3.2(a) (listing required information including the answers to questions Plaintiff left blank).

## II. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**. Accordingly, this action is **DISMISSED** without prejudice. Within thirty days

[1] The $405 fee consists of a $350 filing fee mandated by § 1914(a) and a $55 administrative fee prescribed by the Judicial Conference of the United States pursuant to § 1914(b). *See* Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). However, the filing fee for an application for a writ of habeas corpus is $5. § 1914(a).

of the issuance of this Order, Plaintiff may file a renewed motion or pay the $405 filing fee. If Plaintiff does neither, the Clerk of Court is instructed to close this case.

**IT IS SO ORDERED.**

Dated: July 20, 2026



Hon. Dana M. Sabraw
United States District Judge